# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 5, 2019

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1728

| | |
|---|---|
| RUBEN LOPEZ RAMOS, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A039-091-760 |
| WILLIAM P. BARR, Attorney General of the United States, *Respondent*. | |

**O R D E R**

IT IS ORDERED that the motion for stay of removal is DENIED. The temporary stay of removal entered on April 18, 2019, is VACATED. Petitioner has demonstrated neither the irreparable harm nor substantial likelihood of success on the merits required for a stay under *Nken v. Holder*, 556 U.S. 418 (2009). While we are cognizant that removal imposes a serious burden on petitioner, the Supreme Court has made clear that "the burden of removal alone cannot constitute the requisite irreparable injury." *Id.* at 434. And petitioner's argument that the statutory scheme is irrational has little chance of succeeding.

HAMILTON, *Circuit Judge*, dissenting. I respectfully dissent. Ramos faces removal from the nation where he has been a lawful permanent resident for thirty years, since he was just ten years old. He is removable, rather than a United States citizen who has served his time, because of an odd, arguably irrational, conundrum. The conundrum arose under statutes that have been repealed but still apply to him. If Ramos had been born abroad to two non-citizens, he would have become a United States citizen automatically when his mother would have become a naturalized citizen. 8 U.S.C. § 1432 (1988) (repealed). His mother was born a citizen of the United States, though, so she was never naturalized. Because she had not resided in the United States before Ramos's birth, a different rule applied. 8 U.S.C. § 1401(a)(7) (1970). He did not become a United States citizen automatically upon his birth or as a minor, but he would have if only his mother had *not* been a citizen herself.

Ramos argues that this odd differential treatment in favor of children of naturalized mothers as compared to mothers who are citizens by birth is irrational and violates the equal protection dimension of the Fifth Amendment's due process clause. He might be right. Neither the immigration judge nor the Board of Immigration Appeals had the authority to consider that constitutional claim. This court is not aware of any controlling or even persuasive authority from any court that would resolve this claim. While it may be difficult to win an equal protection case under the applicable rational-relation test, it is not impossible. Also, the 2001 repeal of the statutes posing this odd conundrum raises questions about the government's interests here.

In deciding Ramos's motion for a stay of removal, under *Nken v. Holder*, 556 U.S. 418 (2009), and *Hilton v. Braunskill*, 481 U.S. 770, 777–78 (1987), we should exercise equitable discretion by weighing the risk of irreparable harm posed by an incorrect decision (in either direction) and Ramos's prospects for success on the merits. Removal of a long-term legal permanent resident who has a family and a life in this country will cause grave irreparable harm, not only to Ramos but also to his family of United States citizens. A delay of months to give our court time to consider his arguments carefully through the ordinary course of briefing and argument will, on the other hand, cause the government and the public no comparable or even appreciable harm. In the absence of controlling law that would show Ramos's case is futile, we should leave the stay of removal in place while we consider this case in the ordinary course.